UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SYLVIA D. ROBINSON,

    Plaintiff,

v.                                                Case No.:  2:24-cv-328-JLB-KCD

SCOTTSDALE INSURANCE
COMPANY,

    Defendant.
_____/

## **ORDER**

Before the Court is Plaintiff Sylvia Robinson's Motion to Remand (Doc. 17) and Defendant Scottsdale Insurance Company's response in opposition (Doc. 18).[1] For the reasons below, the motion is denied.

This insurance dispute stems from Hurricane Ian. Plaintiff first sued for breach of contract in state court. But Scottsdale removed the case here based on diversity jurisdiction. (*See* Doc. 1.) Plaintiff now seeks remand because Defendant has allegedly not satisfied the amount in controversy requirement for diversity jurisdiction. (Doc. 17.)

A defendant may remove a case to federal court if it has original jurisdiction. 28 U.S.C. § 1441(a). Federal courts have original jurisdiction over

---

[1] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

cases with complete diversity and an amount in controversy over $75,000. 28 U.S.C. § 1332(a). The latter prong is at issue here. Plaintiff disputes that the jurisdictional minimum is met based on a Notice of Intent to Initiate Litigation ("NOI"), which Florida law required Plaintiff to file before coming to court. *See* Fla. Stat. § 627.70152(3)(a) ("As a condition precedent to filing a suit under a property insurance policy, a claimant must provide the department with written notice of intent to initiate litigation on a form provided by the department.") The NOI lists Plaintiff's pre-suit settlement demand to be $74,584, which is $416 shy of the jurisdictional threshold. (Doc. 17-1.)[2]

"Settlement offers do not automatically establish the amount in controversy for purposes of diversity jurisdiction." *E.g.*, *Lamb v. State Farm Fire Mut. Auto. Ins.*, No. 3:10-cv-615-J-32JRK, 2010 WL 6790539, at *2 (M.D. Fla. Nov. 5, 2010). But "[s]ettlement offers that provide specific information to support the [plaintiff's] claim for damages [and] suggest the [plaintiff is] offering a reasonable assessment of the value . . . are entitled to more weight." *Poltar v. LM Gen. Ins. Co.*, 473 F. Supp. 3d 1341, 1345 (M.D. Fla. 2020). Attached to the NOI is a repair estimate from United Claims Adjusters. (Doc.

---

[2] Scottsdale asks the Court to find jurisdiction based on a settlement demand for $131,568.86 sent months before the NOI. (Docs. 1-5, 18-1.) Because the facts must be construed in a light most favorable to Plaintiff, the Court considers the lower amount requested in the NOI. *See Pacheco de Perez v. AT & T Co.*, 139 F.3d 1368, 1380 (11th Cir. 1998).

2

17-2.) This level of specificity pulls the settlement demand into the latter category.

Scottsdale responds that the jurisdictional minimum is still met based on the NOI because the Court can make a "reasonable inference" that Plaintiff incurred at least an additional $416 in attorney's fees by the time the case was removed. "When a statute authorizes the recovery of attorney's fees, a reasonable amount of those fees is included in the amount in controversy." *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1265 (11th Cir. 2000). And the complaint here says Plaintiff seeks legal fees under Florida law. (Doc. 8 ¶ 19.)

A removing defendant is not required "to prove the amount in controversy is beyond all doubt or to banish all uncertainty about it." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010). Rather, it must show, by the preponderance of the evidence, that "the amount in controversy more likely than not exceeds … the jurisdictional requirement." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010). Courts employ "reasonable deductions, reasonable inferences, and other reasonable extrapolations" in determining the amount in controversy. *Id.* at 1061-62. The Court agrees it can reasonably deduce that at least $416 in additional attorney's fees were incurred between the NOI and removal based on the filing fee and other basic litigation expenses, bringing the amount in controversy to the jurisdictional minimum and making remand improper.

Accordingly, it is **ORDERED**:[3]

Plaintiff's Motion to Remand (Doc. 17) is **DENIED**.

**ENTERED** in Fort Myers, Florida on May 24, 2024.

Kyle C. Dudek
United States Magistrate Judge

Copies: All Parties of Record

---

[3] Because a motion to remand does not address the merits of the case but merely changes the forum, it is a non-dispositive matter that is appropriately handled by order. *See Franklin v. City of Homewood*, No. CIV.A. 07-TMP-006-S, 2007 WL 1804411, at *3 (N.D. Ala. June 21, 2007).