UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SYLVIA D. ROBINSON,

    Plaintiff,

v.                                              Case No.:   2:24-cv-328-JLB-KCD

SCOTTSDALE INSURANCE
COMPANY,

    Defendant.
_____/

## **ORDER**

Before the Court is Defendant Scottsdale Insurance Company's motion to compel discovery responses and extend the case management deadlines. (Doc. 30.)[1] Plaintiff Sylvia D. Robinson, proceeding pro se, has not responded and the time to do so passed. The Court thus treats the motion as unopposed. *See* Local Rule 3.01(c).

Scottsdale served discovery on Robinson (Doc. 30-5), and her answers were due by October 13. Neither responses nor objections were received from Robinson. The Federal Rules provide that a party may move for an order compelling compliance in such circumstances. *See* Fed. R. Civ. P. 37(a)(3), (b)(2)(A).

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

Scottsdale tried to confer with Robinson in a good-faith effort to resolve this dispute to no avail. (Doc. 30 at 3-4.)[2] And now Robinson failed to respond to the motion, thereby waiving any objections. *See Siddiq v. Saudi Arabian Airlines Corp.*, No. 6:11-CV-69-ORL-19GJK, 2011 WL 6936485, at *3 (M.D. Fla. Dec. 7, 2011). Having received no response in opposition, the Court grants the motion to compel discovery responses. Within 10 days of this order, Robinson must serve full and complete responses to the outstanding discovery requests.

Scottsdale also asks for an award of "reasonable expenses and attorney's fees" for bringing this motion. (Doc. 30 at 7.) If a motion to compel is granted, "the court must . . . require the party [whose] conduct necessitated the motion" to pay the reasonable expenses, including attorney's fees, caused by the failure. Fed. R. Civ. P. 37(a)(5)(A). These sanctions are self-executing. The court *must* award expenses when a motion to compel prevails. *KePRO Acquisitions, Inc. v. Analytics Holdings, LLC*, No. 3:19-CV-00842-SRW, 2021 WL 6883475, at *2 (M.D. Ala. Mar. 22, 2021); *see also Devaney v. Cont'l Am. Ins. Co.*, 989 F.2d 1154, 1162 (11th Cir. 1993).

No doubt Rule 37(a)(5) applies here. Robinson did not provide discovery and is now being compelled to do so. Thus, "an award of attorney's fees and

---

[2] The Court cites the page numbers generated by its electronic filing system for ease of reference.

expenses is mandated." *Bayer Healthcare Pharms., Inc. v. River's Edge Pharms., LLC*, No. 1:11-CV-1634-RLV-ECS, 2014 WL 12789352, at *6 (N.D. Ga. Mar. 21, 2014).

Rule 37 does have a safe-harbor provision. The court need not order sanctions if the disobedient party's conduct was "substantially justified" or "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A), (b)(2)(C). The burden of avoiding sanctions rests on the disobedient party. *See, e.g.*, *Eichmuller v. Sarasota Cnty. Gov't*, No. 8:20-CV-47-T-33SPF, 2020 WL 10318567, at *1 (M.D. Fla. July 20, 2020); *Arugu v. City of Plantation*, No. 09-61618-CIV, 2010 WL 11520180, at *2 (S.D. Fla. May 4, 2010).

Robinson has not carried her burden. Indeed, she offers no opposition to the motion. That ends the matter—the Court "must order [her] to pay the reasonable expenses, including attorney's fees, caused by the failure." *Sanchez v. City of St. Cloud*, No. 6:22-CV-11-CEM-DCI, 2023 WL 6809621, at *3 (M.D. Fla. Oct. 16, 2023).

Scottsdale requests $1,260 in attorney fees (Doc. 30 at n.1) but provides no supporting documentation for the Court to determine whether that amount is reasonable. Thus, the Court finds that Scottsdale is entitled to fees, but Scottsdale must file a supplemental motion that includes necessary supporting documents detailing its reasonable expenses if it wishes to pursue such relief.

Before filing, Scottsdale must confer with Robinson. If an agreement is reached as to an amount, the supplemental motion need not be filed.

One final matter. Robinson has been unresponsive to Scottsdale's request to schedule depositions. (Doc. 30 at 5.) So Scottsdale asks the Court to compel her to provide dates. And because of Robinson's delay, Scottsdale seeks more time to complete discovery and schedule mediation. The Court finds good cause to grant this relief.

Accordingly, it is **ORDERED**:

1. Defendant Scottsdale Insurance Company's motion to compel (Doc. 30) is **GRANTED**.

2. Within 10 days of this order, Plaintiff Sylvia Robinson must answer the outstanding discovery and provide Scottsdale with dates for the depositions identified in the motion and a date for mediation.

3. The deadline to complete depositions is extended to December 15, 2024; the Rule 26(a)(2) Disclosures deadline is extended to January 15, 2025; and the mediation deadline is extended to February 15, 2025. The Court will set a Rule 16(b) conference if mediation impasses.

**ENTERED** in Fort Myers, Florida on December 3, 2024.

5

_____
Kyle C. Dudek
United States Magistrate Judge

Copies:  All Parties of Record

5