UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SYLVIA D. ROBINSON,

          Plaintiff,

   v.

SCOTTSDALE INSURANCE
COMPANY,

          Defendant,

_____/

Case No. 2:24-CV-328-JLB-KCD

## **REPORT & RECOMMENDATION**

Plaintiff Sylvia D. Robinson owns property in Fort Myers that allegedly "suffered a direct, physical loss" during Hurricane Ian. (Doc. 8 ¶¶ 4-5.)[1] At the time, the property was insured by Defendant Scottsdale Insurance Company. (*See id* ¶ 5.)

After the storm, Robinson filed a claim with Scottsdale. (*See id*. ¶ 6.) As best the Court can tell, Scottsdale accepted coverage, but the parties could not agree on the amount of loss. (*See id*. ¶ 11.) Unable to resolve the claim, Robinson filed suit.

Since then, Robinson appears to have lost interest. For instance, she refuses to answer Scottsdale's discovery requests, has twice skipped her deposition, and has ignored Scottsdale's attempts to coordinate mediation and

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

other depositions. (*See* Doc. 30; Doc. 35.) And she hasn't just ignored Scottsdale; she's twice ignored the Court. (See Doc. 32, *see also* Doc. 36.) Most recently, Robinson failed to respond to an order directing her to show cause "why her case should not be dismissed." (Doc. 36.)

Enough is enough. Ignoring this litigation and the Court's orders is grounds for dismissal. "A plaintiff's failure to prosecute diligently can result in dismissal if the plaintiff in response to an order to show cause fails to demonstrate due diligence and just cause for delay." M.D. Fla. R. 3.10. Similarly, the Court has the "inherent power" to dismiss a case for lack of prosecution under its authority to manage its docket. *Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962). Robinson has not diligently prosecuted this case, and her actions show a lack of interest. Thus, the Court should dismiss this matter without prejudice.

**Recommended** in Fort Myers, Florida on January 13, 2025.

Kyle C. Dudek
United States Magistrate Judge

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1. To expedite resolution, parties may file a joint notice waiving the 14-day objection period.